9 F.3d 108
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Samuel Lamar JACKSON, Petitioner-Appellant,
v.
H. Gary WELLS, Respondent-Appellee.
 No. 92-2506.
 United States Court of Appeals, Sixth Circuit.
 Oct. 18, 1993.
 
 Before NORRIS and SILER, Circuit Judges, and OAKES, Senior Circuit Judge.*
 
 ORDER
 
 1
 Samuel L. Jackson, a Michigan state prisoner proceeding without benefit of counsel, appeals from the order of the district court denying his petition for a writ of habeas corpus filed pursuant to 28 U.S.C. Sec. 2254. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Following a jury trial, Jackson was found guilty of armed robbery, felonious assault, and felony-firearm, resulting in sentences of 30 to 60 years, 2 1/2 to 4 years and a mandatory 2 years, respectively. Trial testimony established that Jackson was a dealer in narcotics from whom an undercover police officer was attempting to purchase cocaine. During the attempted "controlled buy," Jackson pulled a handgun and took the purchase money from the police officer. He fired upon the police officer while attempting to flee when the officer identified himself and ordered him to halt.
 
 
 3
 In his petition, Jackson asserted six allegations of error dealing with due process, fair trial, jury instructions, assistance of counsel and inaccuracies in the presentencing report. The case was submitted to a magistrate judge who, in a report and recommendation, found no violation of Jackson's constitutional rights and recommended that his petition be denied. The district court adopted and accepted the report and recommendation over Jackson's objections. A certificate of probable cause to appeal the denial of his petition was granted by this court.
 
 
 4
 Upon review, we conclude that the district court properly denied the petition. First, Jackson argues that he was denied a fair trial by the introduction of evidence that he failed to appear for his trial when it was originally scheduled, that he "jumped bond" and that he remained a fugitive for three and one-half years. Use of the evidence of Jackson's failure to appear was entered in accordance with state law as an indication of Jackson's consciousness of guilt and did not amount to prosecutorial misconduct, nor did it deprive Jackson of a right guaranteed by the federal Constitution. See Cooper v. Sowders, 837 F.2d 284, 286 (6th Cir.1988).
 
 
 5
 Jackson's arguments with regard to the jury instructions all center around his interpretation of the facts surrounding his arrest. However, the challenged instructions do not "so infect the entire trial that the resulting conviction violates due process." Henderson v. Kibbe, 431 U.S. 145, 154 (1977) (citing Cupp v. Naughten, 414 U.S. 141, 146-47 (1973)).
 
 
 6
 Jackson next argues that he was denied due process because of ineffective assistance of trial and appellate counsel. To establish ineffective assistance of counsel, it must be shown that counsel's performance was deficient and that the deficient performance prejudiced the defense so as to render the trial unfair and the result unreliable. Strickland v. Washington, 466 U.S. 668, 687 (1984). A reviewing court's scrutiny of counsel's performance is highly deferential. Id. at 689.
 
 
 7
 Jackson contends that trial counsel rendered ineffective assistance by failing to require the prosecution to produce Mr. Richard Jewel Simpson to testify. Trial counsel testified that he chose not to use Mr. Simpson as a matter of trial strategy. The district court found that this explanation was credible. Therefore, counsel's performance was not deficient.
 
 
 8
 Jackson's second allegation of trial counsel's ineffectiveness concerns a discrepancy between the preliminary examination testimony and the trial testimony of the undercover police officer. Assuming arguendo that counsel's failure to point out the police officer's inconsistent testimony was deficient, Jackson fails to establish that this error alone prejudiced the defense so as to render the trial unfair and the result unreliable. Even if counsel had raised the issue, the inconsistency does not effect the officer's identification of Jackson as the perpetrator or the fact that the stolen money and keys were found in Jackson's pockets. Thus, Jackson fails to establish the second prong of the test set out in Strickland.
 
 
 9
 Jackson alleges that appellate counsel rendered ineffective assistance in his appeal to the Michigan Court of Appeals. Jackson contends that at the post-conviction evidentiary hearing, appellate counsel failed to object to the trial court's refusal to address the inaccurate presentence report, thereby waiving the issue before the Michigan Court of Appeals.
 
 
 10
 Jackson's allegation of error is meritless. He has not identified the "inaccurate information" relied upon by the trial court in passing sentence. Therefore, his argument that appellate counsel rendered ineffective assistance of counsel by failing to object to the "inaccurate information" is completely unsupported.
 
 
 11
 Finally, Jackson contends that the trial court refused to address purported inaccuracies in the sentencing information report. The record reveals that Jackson's appellate counsel argued the trial court's sentence was an attempt to circumvent Michigan's "lifer law." Michigan Comp.Laws Sec. 791.234(4). Appellate counsel did not allege that the petitioner's sentence was the result of an inaccuracy. Therefore, the trial court could not have refused to consider something that was not raised.
 
 
 12
 Accordingly, the order of the district court denying Jackson's petition for a writ of habeas corpus is affirmed for the reasons set forth in the magistrate judge's report and recommendation as adopted by the district court. Rule 9(b)(3), Rules of the Sixth Circuit. Petitioner's motion for the appointment of counsel is likewise denied.
 
 
 
 *
 The Honorable James L. Oakes, Senior U.S. Circuit Judge for the Second Circuit, sitting by designation